IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ELSIE R. WIGGINS,
    Plaintiff,

vs.                                    Case No.:  3:05cv305/RV/EMT

JO ANNE B. BARNHART,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

       This action was initiated under the Social Security Act to obtain judicial review of Defendant's final decision denying Plaintiff's claim for disability benefits (Doc. 1).  Pending is Defendant's Motion to Reverse and Remand pursuant to sentence four of Title 42 U.S.C. § 405(g) (Doc. 19).  Counsel for Defendant states that he attempted to contact counsel for Plaintiff to determine whether Plaintiff objects to the instant motion, but was unable to do so (*see* Doc. 19).

       Sentence four of section 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  The Commissioner states that remand is appropriate based upon the following facts:

> On March 20, 2006, a decision was rendered by an ALJ in which Plaintiff was found disabled as of February 27, 2004 (the date after the ALJ's decision at issue [in the instant case]) based upon a subsequent Title II application.  The Appeals Council has agreed to accept this case on remand in order to consider the evidence associated with the subsequent claim and its effect, if any, on the instant claim.  As appropriate, depending on the supportability of the subsequent allowance, the ALJ may be asked to consider the entire period, including that encompassed by the subsequent allowance.  Additionally, the ALJ will be asked to give further consideration to the opinions of treating physician, R. Jensen, M.D., whose progress notes include

      limitations for the claimant that are more restrictive than the ALJ found (Tr. 462-70, 582-91) and, if appropriate, obtain updated evidence from a physical consultative examiner and/or medical expert testimony.

(Doc. 19, Memorandum in Support at 1-2).

      Based upon the foregoing, this court concludes that good cause has been shown for remand. Moreover, although Plaintiff was not contacted regarding her position on the motion, the relief sought by Defendant is favorable to Plaintiff.

      Accordingly, it is respectfully **RECOMMENDED**:

      1.  That Defendant's Motion to Remand (Doc. 19) be **GRANTED** and the Commissioner's decision denying benefits be **REVERSED**.

      2.  That this case be **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

      3.  That Defendant be ordered to conduct proceedings in accordance with this Report and Recommendation.

      4.  That the Court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

      At Pensacola, Florida, this 9th day of May 2006.

      /s/ *Elizabeth M. Timothy*
      **ELIZABETH M. TIMOTHY**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**