IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ELSIE WIGGINS,
      Plaintiff,

vs.                                            Case No.:  3:05cv305/RV/EMT

JO ANNE B. BARNHART,
Commissioner of Social Security,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court upon Plaintiff's Verified Petition for Attorney Fees Under the Equal Access to Justice Act (EAJA) (Doc. 23).  Plaintiff seeks an award of fees in the amount of $4,687.50 based upon 37.5 hours of work at an hourly rate of $125.00 (*id.* at 2, Ex. A).  Defendant has responded to the petition and argues that she does not oppose an award of EAJA fees, but that the number of hours billed is excessive and the court should reduce the award to a reasonable level (Doc. 24).

        The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided, 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust.  The absence of any one of the above factors precludes an award of fees.  28 U.S.C. § 2412(d)(l)(A), (B).

        In <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993) the Supreme Court held that a social security Plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA.  Here, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of section 405(g) (*see* Docs. 20, 21).  Moreover, the application for fees was timely filed, the Commissioner's position was not

substantially justified, and Defendant does not disagree that fees should be paid in this case. Accordingly, Plaintiff is entitled to fees.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Thus, the hourly rate sought by Plaintiff's attorney is appropriate. The remaining issue is whether 37.50 hours spent representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court is, as Defendant contends, unreasonable.

In particular, Defendant submits that counsel's billing of 10.5 hours for "review of the file, prepare complaint"; "review Defendant's answer, record of proceedings"; and "review record," is excessive, especially considering Plaintiff's additional claim for 25 hours for further review of the record, legal research, and drafting Plaintiff's memorandum in support of the complaint (*see* Doc. 23, Ex. A; Doc. 24).

Although Plaintiff's billing method should have provided greater detail, the court concludes that the overall request is not necessarily unreasonable in light of the fact that the record was 687 pages in length, and as noted by Plaintiff, the record includes treatment records from at least nineteen treating and/or examining physicians, as well as hospitalizations, emergency room visits, radiological and other diagnostic studies, and the reports of consultative and DDS physicians (*see* Doc. 25).

However, this court does not find that 3.5 hours were necessary to review the file and prepare the complaint, as the complaint need only set out the jurisdiction of the court, the denial of requested benefits, and the filing of a timely appeal. The court finds that one hour is a reasonable amount of time to expend in preparing and filing the complaint. Thus, the court finds that a total award of $4375.00 is reasonable, based upon a reduced amount of 35 hours of work performed on behalf of Plaintiff at an hourly rate of $125.00. *See* Hughes v. Apfel, Case No. 3:98cv445/LAC/MD (Doc. 28) (reflecting the court's consistent finding that 30 to 35 hours was appropriate in an average successful appeal).

Accordingly, it respectfully **RECOMMENDED**:

1. That Plaintiff's application for attorney fees (Doc. 23) be **GRANTED** as set forth below.

2.  That the court should specifically find that the Plaintiff's counsel, Teresa E. Liles, of T. Rhett Smith, P.A., is entitled to recover a reasonable fee for representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. §2412 (EAJA), that attorney fees under the EAJA in the amount of $4,375.00 are reasonable, and that the Commissioner is directed to pay counsel that amount.

At Pensacola, Florida, this 12th day of September 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts,</u> 858 F.2d 698, 701 (11th Cir. 1988).**